UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 20-22905-CIV-MORENO**

DAMIAN J. VAZ,

      Petitioner,

vs.

WILLIAM BARR and JOHN KELLY,
secretary D.H.S.,

      Respondents.
_____/

## ORDER DISMISSING EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

THIS CAUSE came before the Court upon Petitioner's Emergency Petition for Writ of Habeas Corpus made pursuant to 28 U.S.C. § 2241 **(D.E. 1)**, filed on **July 14, 2020**. THE COURT has considered the emergency petition, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the emergency petition is DISMISSED WITHOUT PREJUDICE with leave to refile in the appropriate district court. In the petition, Petitioner explains that he is currently being detained at Baker County Detention Center in MacClenny, Florida, and is awaiting removal to Jamaica. But, since Petitioner is specifically bringing the instant petition under section 2241, the court dismisses it for lack of jurisdiction. Pursuant to federal law, district court are limited to granting habeas relief "within their respective jurisdictions." 28 U.S.C. § 2241(a).

As the Petitioner is currently incarcerated in Baker County, which lies in the Middle District of Florida, his petition must be brought in that district. The petition is therefore dismissed

for lack of jurisdiction.[1]  *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."); *see also United States v. Kinsey*, 393 F. App'x 663, 664 (11th Cir. 2010) (similar).

The case is CLOSED.

DONE AND ORDERED in Chambers at Miami, Florida, this 16th of July 2020.

*[signature: Federico A. Moreno]*

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

Damian J. Vaz
A#097-348-754
Baker County Detention Center
Inmate Mail/Parcels
P.O. Box 16290
MacClenny, FL 32063
PRO SE

---

[1] It may in fact be the case that no district court has jurisdiction to adjudicate the merits of the instant emergency petition for writ of habeas corpus, because all challenges to an administrative order of removal must typically be made only in the appropriate appellate court.  The REAL ID Act provides that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter." 8 U.S.C. § 1252(a)(5); *accord Madu v. U.S. Att'y. Gen.*, 470 F.3d 1362, 1366 (11th Cir. 2006).  In any event, the Court lacks jurisdiction to entertain the present emergency petition.